UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN BARNHOUSE,

                   Plaintiff,

   v.

JOHN DOE HERNADES, JOHN DOE FURTINO, STEVE RICHMOND, ALL JAIL GUARDS, ALL JEFFERSON COUNTY SHERIFF'S OFFICERS,

                   Defendants.

No. C13-5771 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For: December 6, 2013**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. It has been more than sixty days since the Court's mailings to Plaintiff were returned and the Court does not have a current address for the Plaintiff. Therefore, the undersigned recommends that the Court dismiss this action as Plaintiff appears to have abandoned his case.

**DISCUSSION**

On September 3, 2013, Plaintiff filed an application to proceed in forma pauperis (IFP) and proposed civil rights complaint. ECF No. 1. On September 4, 2013, the Clerk advised Plaintiff by letter that his IFP application was deficient because he had failed to provide information relating to his trust account and the application was submitted on behalf of more than one person. ECF No. 2. Plaintiff was given a deadline of October 7, 2013 to correct the deficiencies in his IFP application. *Id.*

REPORT AND RECOMMENDATION - 1

The Clerk's letter to Plaintiff was returned to the Court as undeliverable, marked "Released, Return to Sender." ECF No. 3. Plaintiff has not provided his current address to the Court.

Rule 41(b)(2) of the Local Rules provides:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se [Plaintiff] by the clerk is returned by the Post Office, and if such [Plaintiff] fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

CR 41, Local Rules W.D. Wash.

## CONCLUSION

This action has existed more than sixty days without a current address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 6, 2013**, as noted in the caption.

**DATED** this  18th  day of November, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2